IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CARLOS MONTANA WILLIAMSON                                                    PLAINTIFF

v.                                    Civil No. 6:19-CV-06085

DR. JEFFERY STIEVE (Director of Nursing,                                     DEFENDANTS
Wellpaths Corporation) and NURSE JOHN
DOE (Wellpaths Corporation, ADC Ouachita
River Unit)

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on July 16, 2019. (ECF No. 1). He alleges that on February 6, 2018, Defendant Nurse John Doe denied him "proper medicine treatment" for a flu virus. (*Id*. at 4). Plaintiff alleges he put in a sick call because he was coughing up yellow mucous mixed with blood. (*Id*. at 4, 8). Plaintiff alleges he was taken to the day clinic where he was seen by Defendant Doe, who told him he had no signs of suffering from the flu. (*Id*. at 8-9). Plaintiff alleges she did not take his vital signs, such as his blood pressure or temperature, while he was in the clinic. (*Id*.).

1

She told him she would prescribe him pain medication, but he never received the pain medication even though he paid a three-dollar copay for the visit. He also never received any Mucinex pills. (*Id*. at 8). Later in his Complaint, Plaintiff alleges she denied him "vaccine and medicine" for the flu. (*Id*. at 10). Plaintiff alleges she wrote that he had no symptoms of flu on his sick call request "to cover up for her actions." (*Id*. at 9). Plaintiff alleges that her failure to treat him for flu provoked an incident between himself and Corporal Walters.[1] This incident resulted in Plaintiff being placed in behavior control for three days. After those three days he was "already over the flu." (*Id*. at 9-10).

Plaintiff alleges Defendant Stieve is the "main boss" and supervises the Wellpaths nurses. He alleges Stieve refused to provide the name of the Doe Nurse who denied Plaintiff medical care for the flu by denying him "vaccine and medicine." (*Id*. at 9-10).

Plaintiff proceeds against both Defendants in their official and personal capacity. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it

---

[1] Plaintiff currently has another case pending in this District against Mark Walters for this incident in *Williamson v. Walters*, Case No. 6:18-cv-06041. Plaintiff initially attempted to amend that Complaint to add claims against Defendant John Doe Nurse because the nurse failed to take his vitals, told him he did not exhibit any flu symptoms, and gave him Mucinex instead of "a vaccine cure of medicine" for his flu symptoms. Plaintiff's Motion to Amend was denied. (ECF No. 49 in 6:18-cv-06041).

2

does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Official Capacity Claims

Wellpaths Corporation is a private correctional health care services corporation contracted with the ADC to provide those services. Defendants are identified as employees of Wellpaths Corporation. Through this contract, Wellpaths Corporation and Defendants are acting under color of state law and are subject to suit under § 1983. *West v. Atkins,* 487 U.S. 42 (1988); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043 (8th Cir.2002); *Montano v. Hedgepeth,* 120 F.3d 844, 849–50 (8th Cir.1997).

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their

3

duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff failed to identify any custom or policy of Wellpaths which, implemented by their employees, violated his constitutional rights. Plaintiff therefore failed to state any plausible official capacity claims against Wellpaths or their employees. The official capacity claims should be dismissed.

### B. Defendant Nurse John Doe

Plaintiff failed to state a plausible denial of medical care claim. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions

4

does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.

1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

Here, Plaintiff's allegations fail to establish that he had an objectively serious medical need diagnosed by a physician or so obvious that a layperson would recognize the need for treatment. To the contrary, Plaintiff was seen by a medical professional who told him that he had no symptoms of influenza. Nor do Plaintiff's allegations of flu-like symptoms or a productive cough constitute symptoms of a serious medical need. *See e.g. Martinson v. Leason*, 22 F. Supp. 952, 963 (D. Minn. 2014) (migraines and upper respiratory infection not serious medical need) (citing *Vasquez v. Baca*, 323 Fed. App'x. 503, 504 (9th Cir. 2009) (plaintiff's "allegations concerning treatment of a cold [and] a migraine ... did not implicate a serious medical need"); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir. 1980) (a cold is not a serious medical need); *Brunson v. Beasley,* No. 7:08–CV–132, 2009 WL 44704, at *2 (M.D. Ga. Jan. 5, 2009)(same); *Fulks v. Otwell,* No. 4:07–cv–4010, 2008 WL 2949550, at *4 (W.D. Ark. July 30, 2008) (same); *Liggins v. Barnett,* No. 4–00–CV–90080, 2001 WL 737551, at *6 (S.D. Iowa May 15, 2001) (Report & Recommendation of Bremer, M.J.) (finding "no case in which a plaintiff suffering from flu-like symptoms ... has been held to have had a serious medical need"), *adopted in relevant part,* No. 4–00–CV–90080, slip op. at 2 (S.D. Iowa Sept. 5, 2011); *Schwartz v. Jones,* No. 99–3269, 2000 WL 1859012, at *3 (E.D. La. Dec. 18, 2000) (head cold and "flu-like symptoms" were "not serious medical needs.")).

Even if this Court were inclined to consider flu-like symptoms or a productive cough to be a serious medical condition, Plaintiff has not provided verifying medical evidence that he was harmed by the denial of his requested "vaccine and medicine." *See Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005) (The objective seriousness of delay in treatment must be measured by

6

reference to the effect of delay, which must be shown by verifying medical evidence in the record.) Instead, Plaintiff alleges he was he recovered from his symptoms within three days and does not allege any lingering deleterious effects to his health. Plaintiff's allegations, taken as true, do not allege a serious medical need. This claim should be dismissed.

### C. Defendant Stieve

Plaintiff's sole allegation against Defendant Stieve is that he is the supervisor over the nurses and he refused to provide the name of Defendant John Doe Nurse to Plaintiff. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)). In other words, Defendant Stieve cannot be held liable merely because he supervises the nurses and refused to provide a name to Plaintiff for one of them. Accordingly, this claim should be dismissed.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of August 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE